UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:13-cr-00008 |
| | ) | Judge Campbell |
| BIRDIE ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE CONSISTING OF $80,600.00**
**UNITED STATES CURRENCY MONEY JUDGMENT AS TO COUNT ONE**

Based on the representations of the Government and the pleadings in this matter, the Court finds as follows:

WHEREAS, on on January 14, 2013, the Government filed a Two-Count Information charging Defendant Birdie Anderson, in pertinent part at Count One with concealing a material fact to obtain a Department of Veteran's Affairs money grant of approximately $80,600.00 in violation of 18 U.S.C. § 1001;

WHEREAS, the forfeiture allegation of the Information gave notice that pursuant to Title 18, United States Code, Section 982(a)(3), that upon conviction of the offense alleged in Count One, Defendant Birdie Anderson shall forfeit to the United States of America any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, to said violation. The property to be forfeited includes but is not limited to a money judgment in an amount of not less than $80,600, which represents proceeds of the offense alleged in Count One;

WHEREAS, the forfeiture allegation of the Information also gave notice to Defendant Birdie Anderson that in the event the $80,600 in proceeds as to Count One as a result of any action or omission of Birdie Anderson:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third part;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Birdie Anderson up to $80,600.00 as to Count One;

WHEREAS, Defendant Birdie Anderson pled guilty as to Count One of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(a)(3), Defendant Birdie Anderson shall forfeit to the United States her interest in the following: $80,600.00 United States currency and substitute assets if such currency could not be located (hereinafter referred to as "Subject Property"). Said $80,600.00 United States currency is proceeds from the offenses of which Defendant was convicted.

Now, therefore, based upon the signed Petition to Enter a Plea of Guilty, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds attributable to the offense for which Defendant Birdie Anderson has pled guilty in this matter are $80,600.00.

2. $80,600.00 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the offense as charged in Count One of the Information, and which constitutes or is derived from proceeds traceable to the violation.

3. As a result of Defendant Birdie Anderson's act(s) or omission(s), the $80,600.00 in proceeds obtained as a result of the offense in which Birdie Anderson has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $80,600.00.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of a Money Judgment in the amount of $80,600.00 ("Order of Forfeiture") is hereby taken against Defendant Birdie Anderson as to Count One. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of a Money Judgment shall become immediately final as to the defendant, by her consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $80,600.00 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 et seq.

C. It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a $80,600.00 Money Judgment as to Count One to include substitute property having a value not to exceed in total $80,600.00 United States currency to satisfy the Money Judgment in whole or in part.

IT IS SO ORDERED this _____ day of June, 2013.


_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE